UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JOHN RANDALL FUTCH, | |
| Petitioner, | No. 0:10-CV-0094-HRW |
| v. | |
| J.C. HOLLAND, *Warden*, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

John Randall Futch ("Futch"), formerly confined in federal custody in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"),[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2]. As Futch has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[2]

---

[1] Subsequently, Futch was transferred to the Federal Correctional Institution at Talladega, Alabama ("FCI-Talladega"), where he is presently confined.

[2] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

In his § 2241 petition, Futch seeks relief from his conviction claiming that he is actually innocent of the underlying offenses to which pled guilty. For the reasons stated below, Futch is not entitled to relief under § 2241; his petition will be denied, and this action will be dismissed with prejudice.

**FEDERAL CONVICTION AND COLLATERAL CHALLENGES**

On September 13, 2002, a federal grand jury in the Southern District of Georgia returned a four-count indictment against Futch and co-defendant Elvert Novell Banks, charging them with conspiring to commit mail fraud and wire fraud, all in violation of 18 U.S.C. §§ 371, 1341, and 1343. Prior to trial, Futch negotiated a plea agreement with the United States, changed his plea, and pled guilty to one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371 (Count 1) and one count of mail fraud, in violation of 18 U.S.C. §1341 (Count 4). *See United States v. John Randall Futch,* 4:02-CR-00232-JFN (S.D. Ga.) ("the Trial Court").

Futch was sentenced to a 30-month prison term on each of the two counts to which he pled guilty, to be served concurrently with each other, but to be served consecutively to a 240-month sentence imposed in a separate criminal case wherein he was convicted of a federal drug conspiracy (*United States v. John Randall Futch,* 4:02-CR-00285-WTM (S.D. Ga.). Counts 2 and 3 of the indictment were dismissed against Futch at sentencing.

Futch appealed, but on March 2, 2004, the Eleventh Circuit affirmed his conviction. *See United States v. Futch,* No. 03-12270; 99 F. Appx. 880 (11th Cir. 2004). Thereafter, Futch moved to vacate his sentence pursuant to 28 U.S.C. § 2255, on the grounds that (1) his trial counsel was ineffective for failing to advise him that his mail fraud sentence would run consecutively to his drug sentence, (2) he was unable to enter a plea knowingly and intelligently based on a lack of access to search warrants, (3) the overbroad search of computer-related evidence violated his Fourth Amendment rights, and (4) his trial attorneys were ineffective for failing to investigate potential claims based on Fourth Amendment violations. On December 20, 2004, the Trial Court denied Futch's § 2255 motion for various reasons. *See United States v. John Randall Futch,* 4:02-CR-00232-JFN, Docket Entry No. 97.[3] The Trial Court denied Futch's motion for the issuance of a Certificate of Appealability, and the Eleventh Circuit also denied that request because Futch had failed to make a

---

[3] The Trial Court noted that the issues concerning whether Futch's plea was entered knowingly and intelligently and whether the search warrant was overbroad in violation of the Fourth Amendment were raised on direct appeal and rejected by the Eleventh Circuit because "once Futch entered his guilty plea, he waived all challenges alleging that the prosecution unlawfully obtained evidence. Because Futch cannot raise indirectly a challenge that cannot be raised directly, we reject his argument based on his lack of access to the search warrant." See Trial Court's Order in 4:02-CR-00232-JFN, Doc. 97, page 2. Given the Eleventh Circuit's ruling, the Trial Court denied these claims because Futch was precluded under *Davis v. United States*, 417 U.S. 333, 342 (1974), from raising these same claims in his § 2255 motion. The Trial Court also found no merit to Futch's claims of ineffective assistance of counsel because Futch had not shown that he had been prejudiced by the advice or assistance of trial counsel. *Id.*

substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2).

## CLAIMS ASSERTED IN THE § 2241 PETITION

In this action, Futch asserts that he is entitled to relief because he is actually innocent of the underlying offenses to which pled guilty. His "actual innocence" claim is based on the fact that the search warrant in his case was sealed while the case was pending and remained sealed until September 10, 2003, after he pled guilty and was sentenced. Futch fails to explain how the unsealing of this search warrant establishes his "actual innocence" of the underlying offense conduct.

## DISCUSSION

### 28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective

Futch is not entitled to relief under § 2241, as he fails to assert a legitimate claim of actual innocence or to show that a retroactively applicable Supreme Court decision affords him relief.

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing."

4

*Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A movant can also implicate the savings clause when he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

5

Futch does not allege that after he was convicted and after the search warrant was unsealed, new facts or evidence surfaced suggesting that he is actually innocent of either of the two offenses of which he was convicted. *See Bousley*, 523 U.S. at 620; *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002) (same). Futch merely alleges that the search warrant in this case was sealed and remained sealed until after he was convicted. To reiterate, to implicate the savings clause on the basis of "actual innocence," Futch is required to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). Futch makes no showing that the unsealing of the search warrant revealed information establishing his factual innocence.[4]

---

[4] The lack of an evidentiary hearing vis-a-vis any motion to suppress certainly does not establish that Futch is factually innocent of the offenses.

**Procedural bar**

Futch seems to acknowledge that at this stage, the claim raised in his § 2241 petition would ordinarily be procedurally barred for two different reasons: (1) it is time-barred by the AEDPA's one-year statute of limitations, and (2) it has previously been litigated. However, he characterizes this claim as a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and argues that a *Brady* claim, although otherwise procedurally barred or defaulted, can be raised in a habeas corpus petition if a defendant is "actually innocent." On this basis, Futch contends that his §2241 petition should go forward.

For several reasons, the Court is unpersuaded by Futch's alleged *Brady* violation. First, Futch has not shown that the unsealing of the search warrant revealed any exculpatory information the prosecution had not previously disclosed to him or his trial counsel. Absent such showing, there is no *Brady* violation,[5] and without establishing a *Brady* violation, Futch's claim remains procedurally barred.

Second, since the search warrant and affidavit were disclosed to Futch's counsel well before his Rule 11 hearing (4:02-cr-232: Doc. 10, Exhibits A & B), and since

---

[5] In denying Futch's §2255 motion, the Trial Court noted that the prosecution provided evidence that the search warrant and affidavit were disclosed to Futch's counsel well before his Rule 11 hearing (4:02-cr-232: Doc. 10, Exhibits A & B) and that Futch's counsel made several motions to suppress evidence which were denied as moot. (4:02-cr-232: Docs. 23 & 32).

7

Futch's counsel filed several motions to suppress (that were denied as moot) (4:02-cr-232: Docs. 23 & 32), Futch's claim that his plea was not made knowingly and intelligently falls on dear ears.

Since Futch has not shown that he is actually innocent of the charges to which he pled guilty or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Futch's § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) John Randall Futch's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [D.E. No. 2], is **DENIED**;

(2) This action is **DISMISSED**, *sua sponte*, with prejudice; and

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, J.C. Holland, Warden, FCI-Ashland.

This June 21, 2011.



Signed By:
Henry R Wilhoit Jr.
United States District Judge